**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OBIDI ANAMDI,<br><br>Plaintiff,<br><br>v.<br><br>KEAN UNIVERSITY, et al.,<br><br>Defendants. | Civil Action No. 2:15-cv-02887 (JLL) (JAD)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND** |

**JOSEPH A. DICKSON, U.S.M.J.**

This mater comes before the Court upon Plaintiff's Motion to Remand this action to the Superior Court of the State of New Jersey, Union County, Law Division, pursuant to 28 U.S.C. § 1447. (ECF No. 2). The Honorable Jose L. Linares, U.S.D.J., referred the motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's motion. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's Motion to Remand be **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On February 27, 2015, Plaintiff filed a Complaint against Kean University and the Kean University Police Department (collectively "the Kean University Defendants") as well as a number of named police officers who were employed by the Kean University. (Compl., ECF No. 1, at 8-10, ¶¶ 2-13). In his Complaint, Plaintiff alleges causes of action for abuse of process, infliction of emotional distress, malicious prosecution, violations of New Jersey Civil Rights Act, violations of

N.J.S.A. 10:5-1, and violations of 42 U.S.C. § 1983. (See id. at 14-31, ¶¶ 43-131). It appears that Plaintiff effectuated service on multiple defendants on or about April 2, 2015. (ECF No. 6-1).

The Kean University Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1446 on April 23, 2015. (ECF No. 1, at 1). This Court notes that only Kean University and Kean University Police Department joined in the Notice of Removal, although Plaintiff had named multiple other police officers in the Complaint and effectuated service upon them in advance of the Kean University Defendants' removal. (See Compl., ECF No. 1, at 8-10, ¶¶ 2-11). Defendants assert that the United States District Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and that the action was therefore removable to the District of New Jersey pursuant to 28 U.S.C. § 1441(a). (ECF No. 1, at 1-2, ¶¶ 2-3). The Court also notes that the Kean University Defendants timely filed their Notice of Removal within thirty days of service of the Complaint. (ECF No. 1).

Plaintiff timely filed his Motion to Remand on May 23, 2015. (ECF No. 2, at 1). Plaintiff argues that the Court must remand this matter because Defendants "failed to file a written indication from each defendant to confirm that each defendant actually consented to removal." (Pl. Br., ECF No. 2-1, at 4). Since neither Plaintiff's moving papers, nor anything else in the record established which defendants had been served prior to removal, this Court issued a Text Order on July 1, 2015 requiring Plaintiff to "electronically file proof of service of the Summons and Complaint in the matter for EVERY Defendant Plaintiff has served to date" by July 8, 2015. (ECF No. 4) (capitalization in original). Defendants argue, in their brief in opposition to Plaintiff's motion, filed July 1, 2015, that remand would be improper because each individual now consents to removal. (Def. Br., ECF No. 3, at 3).

In response to this Court's July 1, 2015 Order, Plaintiff filed proof of service of the Summons and Complaint as to Sgt. Keith Grahm, Patrolman Brad Dustin, Patrolman Chris Blath, Lieutenant Vincent Kearney, Patrolman Roberto Cruz, Adam Shubsda, Director of Kean University Department of Public Safety Police, Detective Sgt. Annie Coll, Detective Sgt. Michael J. Gorman III, Lieutenant Darren Simms, Kean University President Dr. Dawood Faraji, and Geri Benedetto, Chief University Counsel, establishing that Plaintiff effectuated service on each of those defendants on or about April 2, 2015. (See ECF No. 6-1). Plaintiff further argued in his reply brief that Defendants "have not filed documents substantiating that each individual defendant requested that the State of New Jersey Attorney General represent them in this matter or that they each consent to removal of this action," ostensibly to argue that counsel may not make representations to the Court regarding whether those Defendants have consented to removal. (Pl. Reply Br., ECF No. 7, at 1).

## II. LEGAL DISCUSSION

### a. General Standards Applicable on a Motion to Remand

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and § 1447 outlines the procedures following removal. See 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional.

Under 28 U.S.C. §446(b)(1), a defendant has thirty days to remove a case, and that time limit "is a procedural provision, not a jurisdictional one." Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)). In

3

turn, a plaintiff's motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996).

The party seeking removal bears the burden of demonstrating that removal is proper. Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 323 (3d Cir. 2009). Moreover, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 f.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

The right to remove a case from state to federal court is vested exclusively in "the defendant or defendants." 28 U.S.C. § 1441(a). Title 28, § 1446(a) of the United States Code requires "[a] defendant or defendants desiring to remove any civil action . . . [to] file . . . a notice of removal." Balazik v. Cnty. Of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Despite the ambiguity of the term "defendant or defendants," it is well established that removal generally requires unanimity among the defendants. See e.g. Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247 (1900) (reasoning that "if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one . . ."); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition").

Pursuant to 28 U.S.C. §1446(b)(2)(A), "all defendants who have been properly joined and served <u>must join in or consent</u> to the removal of this action."[1] (emphasis added). Although the rule of unanimity does not require each defendant to sign the actual notice of removal, courts generally require each defendant served in the action to provide "some form of unambiguous <u>written</u> evidence of consent to the court in a timely fashion." <u>Michaels v. New Jersey</u>, 955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original); <u>accord</u> <u>Lakatos v. Monmouth County Dep't of Corr.</u>, No. 13-5701, 2014 U.S. Dist. LEXIS 9079, *5 (D.N.J. Jan. 22, 2014) (Thompson, J) ("Here, Defendant Shah did not sign the notice of removal. Therefore, Defendant Shah was required to file a separate written consent to removal within 30 days of the date he was served."); <u>Burns v. City of Hoboken</u>, No. 10-5754, 2011 U.S. Dist. LEXIS 76879, *5-7 (D.N.J. July 15, 2011) (Salas, J.) (noting that the rule of unanimity requires that all properly served defendants either join in the removal or provide the court with their timely, written consent); <u>Collins v. Baxter Healthcare Corp.</u>, 949 F. Supp. 1143, 1146 (D.N.J. 1996) (Rodriguez, J) ("[T]he court cautions that formal expressions of consent, in the form of certifications or joining in the notice of removal by signing the notice, will be required within the time provided for under 28 U.S.C. § 1446."). Moreover, a removing defendant may not submit consent to the Court on behalf of non-removing defendants. <u>Michaels</u>, 955 F. Supp. at 321; <u>Burns</u>, 2011 U.S. Dist. LEXIS 76879, at *5. Finally, § 1446(b)(2)(A) requires that actual, contemporaneous consent be obtained from all defendants

---

[1] The unanimity rule may be disregarded where: (1) where a defendant has not been served at the time the removing defendants filed their petition; <u>see</u> <u>Lewis</u>, 757 F.2d at 69; (2) non-joining defendant is an unknown or nominal party; or (3) where a defendant has been fraudulently joined <u>See</u> <u>McManus v. Glassman's Wynnefield, Inc.</u>, 710 F. Supp. 1043, 1045, n.5 (E.D. Pa. 1989) (citing <u>Fellhauer v. City of Geneva</u>, 673 F. Supp. 1445, 1447 n.4 (N.D. Ill. 1987)). None of these exceptions are applicable here.

"properly joined, served," and after-the-fact pronouncements of consent are "of no moment." Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 518, 524 (D.N.J. 2012).

Failure of all defendants to join in or consent to removal is a "defect in removal procedure" within the meaning of § 1447(c), but is not deemed to be jurisdictional. See Balazik, 44 F.3d at 213 (referencing Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) (reasoning that the "failure to join all the defendants in a removal petition is not a jurisdiction defect"); In re Amoco Petroleum Additives Co., 964 F.2d 706, 713 (7th Cir. 1992); McGlinchery v. Hartford Accident and Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989). The Court may, therefore, only remand a case for violation of the unanimity rule where, as here, a party files a timely motion to remand. See In re FMC Corp. Packaging Systems Div., 208 F.3d 445, 451 (3d Cir. 2000) (holding "that the District court exceeded its authority . . . [by] remand[ing] these actions, *sua sponte*, based on what it identified as procedural defects in the petition for removal") (emphasis in original).

### b. Failure to Obtain Consent from All Served Defendants Requires Remand

Plaintiff argues that the Kean University Defendants' removal was procedurally flawed because, while only the Kean University Defendants joined in the actual Notice of Removal, the other then-served Defendants did not timely consent to removal. (Pl. Br., ECF No. 2-1, at 4). This Court agrees. The record reflects that Plaintiff had served multiple defendants on or about April 2, 2015. In order for the Kean University Defendants' removal to be effective, therefore, each of those then-served defendants would have had to submit some written manifestation of their joinder in or consent to removal on or before May 4, 2015. See Collins, 949 F. Supp. at 1146 (noting that defendants must inform the Court of such joinder "within the time provided for under 28 U.S.C. § 1446."). In their opposition to Plaintiff's motion, counsel for Defendants indicated, for the first time, that all Defendants consent to the Kean University Defendants' removal. (Def. Opp., ECF

6

No. 3, at 2). Defendant notified the Court of that consent on July 1, 2015, nearly two months out of time. As one Court is this District has observed, "[t]he subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court." Cacoilo, 902 F. Supp. 2d at 524. Faced with the facts set forth in Plaintiff's motion to remand and the record in general, the Court cannot excuse Defendants' collective failure to timely comply with the unanimity requirements set forth in 28 U.S.C. § 1446(b)(2)(A). The Court finds that the Kean University Defendants' removal was procedurally defective and that the District Court should remand this matter to the New Jersey Superior Court.

### III.     CONCLUSION

Based on the foregoing, this Court respectfully recommends that the District Court **GRANT** Plaintiff's Motion to Remand, (ECF No. 2), and remand this matter to the Superior Court of the State of New Jersey, Union County, Law Division, pursuant to 28 U.S.C. § 1447.

JOSEPH A. DICKSON, U.S.M.J.

cc.     Honorable Jose L. Linares, U.S.D.J.