*The Law Offices of Tisha Adams, L.L.C.*
**17 Academy St., Suite 608**
**Newark, New Jersey 07102**
**Phone: (973) 645 – 1145   •   facsimile: (973) 645 – 1146**

**Tisha N. Adams***

* NJ, NY & DC Bars

August 12, 2015

<u>*Via CM/ECF*</u>
Hon. Jose L. Linares, U.S.D.J.
United States District Court
District of New Jersey
M. L. King, Jr. Federal Building
& U.S. Courthouse
Newark, NJ 07102

       Re: **Plaintiff's Support of Report & Recommendation**
          **by Hon. Joseph A. Dickson, U.S.M.J.**
          **Anamdi v. Kean University, et al.,**
          **2:15-cv-02887 (JLL-JAD)**

Dear Judge Linares:

  This law office represents the plaintiff, Obidi Anamdi.

  Please accept this letter brief on behalf of the plaintiff, in accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b) and in support of the July 29, 2015 Report and Recommendation made by the Honorable Joseph A. Dickson, U.S.M.J.  Plaintiff expects that the Court is persuaded by the sound legal arguments upon which Judge Dickerson's recommendation is based and respectfully requests that the Court follow Judge Dickerson's recommendation.

  Plaintiff's Motion for Remand should be granted because defendants' opposition to plaintiff's Motion was out of time and defendants failed to raise the issue of ineffective service of process in its untimely opposition to plaintiff's Motion.  As previously

articulated in Plaintiff's Reply to Defendants' Opposition (ECF No. 7), defendants' opposition to Plaintiff's motion to Remand (ECF No. 2) is untimely and should therefore be denied. Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 518, 524 (D.N.J. 2012). Defendants also failed to file documentation evidencing that each defendant has requested that the State of New Jersey Attorney General represent them in this matter or that each defendant consents to removal of this action. The defendants failed to file such evidence with its untimely Opposition to Plaintiff's Motion to Remand (ECF No. 3) and defendants failed to submit such evidence with its Objections to the Report and Recommendation issued July 29, 2015 (ECF no. 9). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Brown v. JEVIC, 575 F.3d 322, 326 (3d Cir. 2009) citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

Moreover, at no time prior to filing Defendants' Opposition to Plaintiff's Motion to Remand (ECF No. 3) or at no time during Defendants' Opposition did defendants raise the issue of improper service. Defense counsel represents that the individually named defendants "are represented by the same office and clearly communicated their desire to be in federal court by way of opposing Plaintiff's motion for remand," however, at no time prior to the motion to remand did defense counsel raise the issue of improper service on behalf of an individual defendant.

Defendants Sgt. Keith Grahm, Patrolman Brad Dustin, Patrolman Chris Blath, Lieutenant Vincent Kearney, Patrolman Roberto Cruz, Adam Shubsda, Director of Kean University Department of Public Safety Police, Detective Sgt. Annie Coll, Detective Sgt. Michael J. Gorman III, and Lieutenant Darren Simms were properly served. A Summons

and Complaint for each the defendants were left with Eric Car, a Kean University Police Department dispatcher.  The Kean University Police Department dispatcher had implied authority to receive service of process.   The dispatcher was so integrated with the Kean University Police organization that he knew what to do with the papers and he should therefore stand in a position as to render it fair, reasonable and just to imply the authority to receive service.  O'Connor v. Atlus, 67 N.J. 106, 128, 335 A. 2d 545 (1975), citing American Football League v. National Football League, 27 F.R.D. 264, 269 (D. Md. 1961), where service was upheld under Fed. R. Civ. P. 4(d) (3).

Individual defendants were provided with actual and constructive knowledge of the pendency of the action by service upon Kean University, Office of University Counsel for Kean University, the Kean University Police Department and its dispatcher.  The individual defendants received the Summons and Complaint in a timely manner and consulted an attorney whereby defendants "clearly communicated their desire to be in federal court."

Kean University and Kean University Police Department were the only defendants to file a Notice of Removal (ECF No. 1).  Defendants Kean University and Kean University Police Department knew that individual defendants were served by plaintiff on April 2, 2015 (ECF No. 3, at 2) at the Kean University Police Department at the time the "collective" defendants' (Kean University, Kean University Police Department and individual defendants) opposition to remand was filed.  Now, through counsel, the "collective" defendants attempt to have plaintiff's motion to remand denied by raising the issue of improper service.

Plaintiff asserts that the Court should estop defendants from challenging service of process as a result of their conduct after being notified of the action.  The doctrine of equitable estoppel and laches should be applied against the individual defendants and they should not be afforded the defense of improper service.  Plaintiff asserted in his Motion for Remand that the individual defendants were served on April 2, 2015 (ECF No. 2-1, at 2).  Although the Summons and Complaint for each individual defendant was given to the Kean University Police Department dispatcher, Director of Kean University Department of Public Safety/Police, Adam Shubsda, only returned the Summons and Complaint of Parolman Dylan Cosgrove and Patrolman David Balanta to plaintiff's counsel's office by mail on April 21, 2015.  The Summons and Complaints for the other individual defendants were not returned by Adam Shubsda.  Thus, plaintiff detrimentally relied on acceptance of service by the Kean University Police dispatcher as being effective.

Plaintiff's counsel forwarded a letter to Director Shubsda on April 24, 2015, requesting an address where Patrolmen Cogsgrove and Balanta can receive service of process.  (ECF No. 6, at 2)  An additional request for information was orally made by plaintiff's counsel upon Deputy Attorney General Brian P. Wilson on June 4, 2015 by telephone.  (ECF No. 6, at 2)  DAG Wilson advised he would contact Kean University Police Department to obtain information regarding where Patrolmen Cogsgrove and Balanta can be served.  (ECF No. 6, at 2)  At no time did DAG Wilson advise plaintiff's counsel that service was not proper on any of the other individual defendants and that Kean University Police Department, Kean University Police Department dispatcher or Director Shubsda have refused to accept service on behalf of any of the individual

defendants other than Patrolmen Cogsgrove and Balanta. As of the date of the filing of this letter brief, plaintiff's counsel has not received information from defendant Kean University, Kean University Police Department or their legal representative DAG Wilson with regard to where Patrolmen Cogsgrove and Balanta will accept service of process, or notification that service upon individual defendants was improper and the times and places where individual defendants will accept service.

Lastly, plaintiff posits that service of process should be upheld pursuant to *Fed. R. Civ. P. 4 (d)(3)*. "Rule 4(d) (3) does not require that the delivery of process be accomplished during a face to face meeting with the person upon whom service is to be effected. Nor does it require that it be surrounded by medieval formalism. Where the [dispatcher] acts in a manner similar to that adopted in this case which he can reasonably expect will result in delivery of the process to a person described in Rule 4(d) (3); and where his acts are effective in achieving delivery of the process to such a person, thereby giving the defendant notice that an action has been commenced against it; the service is sufficient." O'Connor v. Atlus, 67 N.J. 106, 127, 335 A. 2d 545 (1975) citing Koninklijke Luchtvaart Maatschappij N.V. v. Curtiss-Wright Corp., 17 F.R.D. 49, 51 (S.D.N.Y. 1955). The court in Koninklijke "concluded that to allow defendant to prevail would be to countenance evasion of process and contravene the intent of the Rules to hold technicalities to a minimum and decide cases on the merits." O'Connor at 127.

The actions of the Kean University Police Dispatcher and those of Director Adam Shubsda were "effective in achieving delivery of the process to such a person, thereby giving the defendant[s] notice that an action has been commenced against [each of them]; the service is sufficient." Id at 127.

Lastly, plaintiff asserts that defendants have not identified any extraordinary circumstances permitting amendment to their notice of removal.  The interest of justice weighs in favor of granting plaintiff's Motion to Remand.  Defendants failed to timely file opposition to plaintiff's motion and defendants failed to raise the issue of improper service upon the individual defendants in their untimely opposition.  Hence, plaintiff's Motion to Remand should be granted and recommended by Judge Dickson and defendants notice of removal and their request to amend the notice of removal should be denied.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court follow Judge Dickson's recommendation and grant plaintiff's Motion for Remand.

Respectfully submitted,

**/s/ TISHA N. ADAMS, ESQ.**