NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OBIDI ANAMDI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KEAN UNIVERSITY, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No.: 15-2887 (JLL)<br><br>**OPINION ADOPTING JULY 29, 2015 REPORT AND RECOMMENDATION** |

**LINARES**, District Judge.

This matter comes before the Court by way of objections to Magistrate Judge Joseph A. Dickson's Report and Recommendation dated July 29, 2015 ("Report and Recommendation" or "R&R"), in which Judge Dickson considered Plaintiff's motion to remand. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Dickson's Report and Recommendation, and grants Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff brought suit in New Jersey state court against Kean University and the Kean University Police Department (together "the Kean University Defendants") as well as numerous individual Kean University patrolmen ("the Kean University Individual Defendants"). The Kean University Defendants removed the action from the Superior Court of New Jersey, Law Division - Union County, on April 23, 2015. (ECF No. 1.) The Kean University Individual Defendants did not join in the Notice of Removal. (*See id.*) Plaintiff moved to remand the case on May 23,

1

2015. (ECF No. 2 ("Plf.'s Remand Mot.").) Plaintiff's basis for remand was that the Kean University Defendants "failed to file a written indication from each defendant to confirm that each defendant actually consented to removal." (*Id.* at 4.)

On July 1, 2015, the State of New Jersey Office of the Attorney General filed (on behalf of all defendants) an opposition to Plaintiff's motion to remand. (ECF No. 3 ("Defs.' Remand Opp'n").) Defendants' opposition was one and half pages long, cited no case law, and asserted one argument in opposition to Plaintiff's motion—that remand should be denied because the Kean University Individual Defendants "likewise consent to removal of this matter." (*Id.* at 2.) Also on July 1, 2015, Judge Dickson issued an Order requiring Plaintiff to file affidavits of service for all defendants who had been served to date. (ECF No. 4.)

In response to Judge Dickson's Order, on July 9, 2015, Plaintiff filed affidavits of service for Defendants Keith Graham, Brad Dustin, Chris Blath, Dawood Faraji, Vincent Kearny, Cruz Police Patrolman, Adam Shubsda, Annie Coll, Michael Gorman III, Darren Simms, Geri Benedetto, Dylan Cosgrove, and David Balanta, all of whom were served on April 2, 2015, and all of whom (with the exception of Dawood Faraji and Geri Benedetto (President of Kean University and Chief Counsel, respectively)) were served by leaving the summons and complaint with Kean University police dispatcher Eric Card. (*See* ECF No. 6.) With the affidavits, Plaintiff also filed two letters dated April 21, 2015, from Defendant Adam Shubsda on behalf of the Kean University Department of Public Safety/Police to Plaintiff's counsel returning two of the eleven summons and complaints served on Mr. Card, indicating that David Balanta and Dylan Cosgrove were no longer members of the Kean University police force. (*Id.*)

Also on July 9, 2015, Plaintiff filed a reply brief in support of his motion to remand. (ECF No. 7.) Defendants did not file any response to Plaintiff's service submission, nor did they

seek to file a sur-reply.

On July 29, 2015, Judge Dickson issued the present R&R recommending that this Court grant Plaintiff's motion for remand. Judge Dickson found that the rule of unanimity "requires that actual, contemporaneous consent be obtained from all defendants properly joined, served, and after-the-fact pronouncements of consent are of no moment." (ECF No. 8 ("R&R") at 5-6 (internal quotations and citations omitted).) He further found that remand is only proper "for violation of the unanimity rule where, as here, a party files a timely motion to remand." (*Id.* at 6 (citing *In re FMC Corp. Packaging Systems Div.*, 208 F.3d 445, 451 (3d Cir. 2000).) Finally, Judge Dickson found that the first time all defendants indicated that they consented to removal was in their July 1, 2015, opposition to Plaintiff's motion for remand, "nearly two months out of time." (*Id.* at 7.) Because Judge Dickson found that the removal was procedurally defective, and that Plaintiff's motion for remand was filed on time, he recommended granting Plaintiff's motion for remand.

Defendants filed objections to the R&R on August 12, 2015. (ECF No. 9 ("Defs.' Objs.").) In their objections, Defendants do not take issue with Judge Dickson's statements of relevant law, and, in fact, agree that "subject to a few exceptions, all defendants must consent for removal to be effective," and that an amendment to the notice of removal to cure defects may be granted but is "unlikely absent extraordinary circumstances." (*Id.* at 7, 9.) Instead, Defendants object: (1) that the Kean University Individual Defendants were not properly served (*id.* at 4-6), and (2) that "[w]hile express timely consent is typically required, some courts have been reluctant to establish a 'wooden rule' regarding removal" (*id.* at 8 (citing cases from the Sixth Circuit and the District of Maine finding that consent via opposition was sufficient)). Defendants also argue that extraordinary circumstances are present here because service was not

3

proper and defendants "are all represented by the same counsel, and have [now] unequivocally expressed their consent to removal." (*Id.* at 9.)

## LEGAL STANDARD

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to remand, a magistrate judge will submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). In order to resolve objections to the magistrate's R&R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Thus, unlike an order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N. J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's R&R to which a litigant has filed an objection. Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2).

A district is not, however, required to consider objections that were not presented before the magistrate. *See Jimenez v. Barnhart*, 46 Fed. Appx. 684, 685 (3d Cir. 2002) (unpublished) ("[B]ecause Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived.") (citing *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir.1994)); *Krupa v. Hilcorp Energy I LP*, No. 13-1542, 2014 WL 2506144, *2 (W.D. Penn. June 3, 2014) ("[B]ecause Defendants raised the

argument that Plaintiffs failed to properly effectuate service for the first time in their objections to the [magistrate's] report, and there being no compelling reason why we should entertain this argument, Defendants have waived the argument and we overrule this Objection."). This rule is consistent with the majority of circuits that have considered the issue. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) ("We conclude that the district court has broad discretion in reviewing a magistrate judge's report and recommendation, and, therefore, the district court did not abuse its discretion in declining to consider Williams's timeliness argument that was not presented to the magistrate judge."); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) ("Appellant tells us that Rule 72(b)'s requirement of a '*de novo* determination' by the district judge means that an entirely new hand is dealt when objection is lodged to a recommendation. That is not so. . . . We hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (same); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) (same); *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (same), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc). The reason for this rule is that "the magistrate judge system was created to help alleviate the workload of the district judges, [and] 'it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.'" *Williams*, 557 F.3d at 1291-92 (quoting *Paterson–Leitch Co.*, 840 F.2d at 991).

## ANALYSIS

As Plaintiff points out in his reply to Defendants' objections, Defendants' argument that

service on the individual defendants was not properly effectuated was raised for the first time in Defendants' objections to Judge Dickson's R&R. The Court finds no compelling reason to consider this new argument.

Contrary to Defendants' statement in their objections that "[i]t was not until after the Kean University Defendants opposed Plaintiff's motion for remand that his purported proof of service was provided to the Court" (Defs.' Objs. at 9), this Court finds that Defendants had ample opportunity to contest service in front of Judge Dickson, and they chose not to do so. *First*, before Judge Dickson in their opposition to Plaintiff's motion for remand, Defendants acknowledged that "Plaintiff claims that, on the same date [as service on the Kean University Defendants], the individually named Kean University Defendants, with the exception of former KUPD Patrolmen David Balanta and Dylan Cosgrove, were likewise served with legal process." (Defs.' Opp'n at 2.) Defendants did not argue in response that service was improper; instead, they took the position that "[a]ssuming service was properly effectuated on them, they likewise consent to removal of this matter." (*Id.*) At the time that this statement was made by Defendants—July 1, 2015—Defendants all were represented by the same counsel, and all were surely aware of how they were served. Also, Defendant Shubsda had been aware of the method of service on the individual patrolmen since at least April 21, 2015, when he returned two of the eleven summons and complaints served on Mr. Card to Plaintiff's counsel. *Second*, at no time between Plaintiff's filing of the affidavits of service on July 9, 2015, in response to Judge Dickson's Order and the July 29, 2015, filing of the R&R did Defendants raise any issue before Judge Dickson regarding service. In short, not only is Defendants' service objection new, but the issue of service was *front and center* before Judge Dickson, and Defendants chose not to contest service until after the R&R was issued. Considering Defendants' service argument now would

make the magistrate referral process meaningless.

For the same reasons, the Court also will not consider Defendants' objection that extraordinary circumstances are present because of a purported lack of proper service. As a result, Defendants sole remaining objection is that, while unanimity is typically required and amendments to the notice of removal are unlikely, extraordinary circumstances are present here because all Defendants now consent to removal, and "the purpose of the unanimity requirement would not be served by remand." (Defs.' Objs. at 9.)

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading. "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

As Judge Dickson found, courts in this district have regularly held that each defendant must provide "some form of unambiguous *written* evidence of consent to the court in a timely fashion." *Michaels v. New Jersey*, 955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original); *see also, e.g., Lakatos v. Monmouth Cnty. Dep't of Corr.*, No. 13-5701, 2014 WL 284450, *2 (D.N.J. Jan. 24, 2014) (same); *Burns v. City of Hoboken*, No. 10-5754, 2011 WL 2881311, *2 (D.N.J. July 15, 2011) (same). Timely means that the consent must be contemporaneous with the filing of the Notice of Removal. *See* § 1446(b)(2)(B) (defendants have thirty days to file a notice of removal); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 (D.N.J. 2012) ("Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under Section 1446(b), not only is the Notice of Removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed

thirty-day time period.").

There is no dispute that all defendants for whom Plaintiff provided affidavits of service did not join in the April 23, 2015, Notice of Removal or provide any other written consent for removal until Defendants' opposition brief filed on July 1, 2015. Defendants' citation to decisions from other jurisdictions that filing an opposition to a remand motion cures the defect in removal is not persuasive compared to decisions from this district holding otherwise.

The Court also finds no extraordinary circumstances warranting permission to amend the notice to cure its defects. *See, e.g., Burns*, 2011 WL 2881311, *2 (no extraordinary circumstances presented where the case was in its infancy and the defendants had chances to cure defects but failed to do so); *Michaels*, 955 F. Supp. at 321 (extraordinary circumstances presented where the rule applied in the case had not previously existed in a published opinion and the party challenging removal had no standing to do so). Prior to the Kean University Defendants' filing of the Notice for Removal on April 23, 2015, at least some of the individual defendants (employees of Kean University) had actually received the summons and complaint as evidenced by Defendant Shubsda's April 21 letters to Plaintiff's counsel. The Kean University Defendants nonetheless chose to file the Notice of Removal only on behalf of themselves. Then, all defendants (whether previously served or not and all represented by the State of New Jersey) chose to appear before Judge Dickson and oppose Plaintiff's motion for remand on the merits without contesting service, arguing only that the consent of all defendants now via opposition should be sufficient to defeat remand. Defendants made intentional litigation choices, and they have not presented circumstances weighing in favor of excusing the defects in their chosen path.

## CONCLUSION

Having thoroughly reviewed Magistrate Judge Dickson's Report and Recommendation,

Defendants' objections thereto, and Plaintiff's response, this Court hereby adopts Magistrate Judge Dickson's Report and Recommendation in full, and grants Plaintiff's motion to remand this case to New Jersey Superior Court, Law Division, Union County.

An appropriate Order accompanies this Opinion.

DATED: August 31, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE